UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>THOMAS MECHAM RICKS,<br><br>                Debtor.<br>_____<br><br>THOMAS MECHAM RICKS, an individual,<br><br>                Plaintiff<br><br>  v.<br><br>JOHN WOOD, and individual; PARK HAMPTON LLC; and DOES I-X,<br><br>                Defendants. | Case No. 1:14-mc-07802-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is debtor Thomas Ricks' Motion for Partial Withdrawal of Reference (Dkt. 1). For the reasons expressed below, the Court will deny the motion without prejudice.

**MEMORANDUM DECISION & ORDER - 1**

# BACKGROUND

1. **Procedural History**

Thomas Ricks, a chapter 11 debtor in possession, sued John Wood and Park Hampton LLC in an adversary proceeding. Park Hampton moved to dismiss, contending that the bankruptcy court lacked "authority and subject matter jurisdiction pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011)." The bankruptcy court determined that although it had subject matter jurisdiction over the entire proceeding under 28 U.S.C. § 1334, there was a potential issue as to its "constitutional authority to enter final orders and judgments concerning Park Hampton." *See Jan. 16, 2014 Summary Order,* Bk. Adv. Dkt. 13. The bankruptcy court stayed the adversary action until the parties either negotiated a solution or filed papers with this Court "asking for withdrawal of the reference of this adversary proceeding and/or for other appropriate relief." *Id.* Ricks then filed this withdrawal motion.

2. **The Adversary Complaint**

Ricks' motion focuses on one claim within the adversary complaint – the second claim for "Declaratory Relief and . . . Quiet Title" against Wood and Park Hampton. This claim relates to roughly five acres of land in Eagle, Idaho, which was previously owned by Gary and Sandra Hazen. Ricks claims he entered into an agreement with Wood to develop the Hazen property and, based on that agreement, spent roughly $106,000 "toward the development and entitlement" of the property. *Adversary Compl.* ¶ 32. Ricks says he is entitled to 50 percent of the net profits from any sale of the Hazen property. *Id.* ¶ 49.

Ricks initially alleged that defendants were wrongfully attempting to sell the property. He sought a declaratory judgment that "Wood and Park Hampton are without any right to sell, transfer, convey, or develop the Hazen Property without the consent of Ricks." *Id.* ¶ 51. But by the time Ricks filed his adversary complaint, the Hazen property had already been sold.[1] Based on this new information, Ricks contends that his second claim for relief "should be limited to a breach of contract claim against Wood and/or Park Hampton and a request for monetary damages in an amount to be proved at trial." *Reply,* Dkt. 5, at 2. He plans to file a motion to amend his complaint after the withdrawal motion is resolved.

## ANALYSIS

**1. This Court Has Jurisdiction over Ricks' State-Law Claim Against Park Hampton**

The Court's first task in resolving this motion is to determine jurisdiction. Park Hampton asserts that there is no federal jurisdiction over the second claim – either in district court or in bankruptcy court – because it is a state-law claim and the parties are not diverse.

This argument is not persuasive because Ricks' claim against Park Hampton is related to his bankruptcy case. Jurisdiction thus exists under 28 U.S.C. § 1334(b).

Section 1334(b) section provides, with exceptions not relevant here, that "the district courts shall have original but not exclusive jurisdiction of all *civil proceedings* arising under title 11, or arising in or *related to cases under title 11*." (emphasis added).

---

[1] Ricks filed his adversary complaint on October 11, 2013. Defendants say the Hazen Property was sold to a third party on September 24, 2013, with the deed being recorded on October 1, 2013.

Ricks' adversary proceeding against Park Hill is a "civil proceeding" under § 1334. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 445 (1997) (the term "proceeding here is used in its broadest sense, and would encompass . . . adversary proceedings . . . ."). And the adversary proceeding – though it does not "arise under" or "arise in" a bankruptcy case – is "related to" Rick's bankruptcy case.

The most frequently cited case discussing "related to" jurisdiction is *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1985). *Pacor* held that a civil proceeding is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 994. An action is "related to" bankruptcy if it could alter "the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). The Ninth Circuit, along with almost every court considering the issue, has adopted this analytical standard for determining related-to jurisdiction. *See In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988); *In re Wilshire Courtyard*, 459 B.R. 416, 428 n.12 (9th Cir. BAP 2011).

Here, it is at least conceivable that Ricks could prevail on his claim against Park Hampton, and, further, that he could win a monetary damages award. That award would be absorbed into Ricks' bankruptcy estate. *See generally* 11 U.S.C. § 1306(a). Ricks' claim against Park Hampton thus falls within 28 U.S.C. § 1334(b)'s "related to" grant of jurisdiction. *Cf. Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.*), 885 F.2d at 622-24 (9th Cir. 1989) (bankruptcy court had jurisdiction

over a debtor's action against a nondebtor for injunctive relief from a state court judgment against the president and vice-president of the debtor even though those individuals were not debtors themselves); *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1307 (9th Cir. 1989) (upholding "related to" jurisdiction over third-party action because specific-performance remedy in that action would reduce damages on contract claim against bankruptcy estate).

2. **Although the Bankruptcy Court Cannot Finally Determine Ricks' State-Law Claim Against Park Hampton, it Can "Hear" the Claim**

Having determined federal jurisdiction, the next question is whether the district court can refer its power to finally determine Ricks' claim to a bankruptcy court. The short answer is no. Under 28 U.S.C. § 157(c)(1), the bankruptcy court can "hear" noncore proceedings and submit proposed findings and conclusions to this Court, but the bankruptcy court cannot finally "determine" the claim. Rather, "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Ricks' claim against Park Hampton, which Ricks now seeks to pursue under a breach-of-contract theory, is not a core proceeding. *Cf. Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 162 (9th Cir. 1986) (debtor's state law cause of action for breach of contract is noncore). It thus falls within the purview of 28 U.S.C. § 157(c)(1).

### 3. There is No Cause to Withdraw the Reference at this Point

Given that the bankruptcy court can "hear" the claim against Park Hampton, the Court finds no reason to withdraw the reference at this point. The bankruptcy court may proceed to hear the case, with this Court later entering final judgment, without any need of withdrawing the reference.

This analysis is complicated somewhat by the fact that Park Hill might demand a jury trial. *See generally Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 446-47 (1830) (Seventh Amendment preserves right to trial by jury for suits at common law). But even assuming Park Hill demands a jury trial, the claim may still remain before the bankruptcy court until it is ready to be tried. As the Ninth Circuit has explained, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction" and transfer the case to district court. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007). There are two reasons for this. First, "allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters . . . does not abridge a party's Seventh Amendment *right to a jury trial*." *Id.* (emphasis in original). Second, allowing the claim to remain before the bankruptcy court for pre-trial proceedings "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 787-88.

In light of these authorities, and after considering all factors relevant to permissive withdrawal – "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other

related factors"[2] – the Court declines to withdraw the reference at this point. The more efficient way to proceed is to keep all the claims in the adversary action together, before the bankruptcy court. The bankruptcy court may preside over all pretrial matters, including discovery and pretrial conferences, and it may resolve routine and dispositive motions. If either party files a dispositive motion on the second claim, the bankruptcy court could entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition of the claim to this Court. If and when it becomes clear that a jury trial will be necessary, and the case is prepared and ready for trial to begin, Park Hampton may file another withdrawal motion.

## CONCLUSION

For all the foregoing reasons, it is **ORDERED that** Ricks' Motion for Partial Withdrawal of the Reference (Dkt. 1) is **DENIED WITHOUT PREJUDICE.**

DATED: April 29, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

---

[2] *Sec. Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).